**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **YOLANDA JACQUEZ,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **NO. 3:15 -CV-268-RFC** |
| | § | |
| **CAROLYN W. COLVIN,** | § | |
| **Acting Commissioner of the Social** | § | |
| **Security Administration,** | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

This is a civil action seeking judicial review of an administrative decision of the Commissioner of the Social Security Administration ("Commissioner" and "SSA" respectively) denying disability insurance benefits ("DIB") to Plaintiff Yolanda Jacquez. Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636 (c) and Appendix C to the Local Court Rules of the Western District of Texas.

Because the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence on the record as a whole, and there is no finding of reversible error, the Commissioner's decision is AFFIRMED.

**PROCEDURAL HISTORY**

On December 1, 2011, Plaintiff filed an application for a period of disability and DIB, alleging impairments that became disabling on October 7, 2007. (R:11) The application was denied initially and on reconsideration. (R:11, 45- 47) Plaintiff filed a request for a hearing, which was conducted via video on July 2, 2013. (R:26-44) The ALJ issued her decision on January 22, 2014, denying benefits. (R:11-21) Plaintiff's request for review was denied by the Appeals Council on July 17, 2015. (R:1-4)

## ISSUES

Plaintiff presents the following issues for review:

1) Whether the ALJ failed to incorporate into the hypothetical presented to the vocational expert ("VE") all of Plaintiff's upper extremity limitations reflected in the residual functional capacity ("RFC") finding the ALJ made; and

2) Whether there is a contradiction between the VE's testimony and the ALJ's determination.

Plaintiff contends that the ALJ's hypothetical question to the VE was defective in that it failed to account for all the impairments recognized by the ALJ. (Doc. 22:2) She also argues that there is a contradiction between ALJ's step five finding and the VE testimony. (Doc. 20:5-6) She requests that the ALJ's decision be reversed and the cause remanded for an award of benefits or, in the alternative, for additional administrative proceedings. (Doc. 20:6-7).

## DISCUSSION

### A.    *Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), *cert. denied*, 514 U.S. 1120 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In reviewing the substantiality of the evidence, the Court must consider the record as a whole and "must

take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986).

If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. *Martinez*, 64 F.3d at 173. In applying the substantial-evidence standard, the court must carefully examine the entire record, but may not re-weigh the evidence or try the issues *de novo*. *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). It may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision," because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner, and not the courts, to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

## B.    *Evaluation Process*

Disability is defined as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which. . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ evaluates disability claims according to a sequential five-step process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from performing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520.

An individual applying for benefits bears the initial burden of proving that she is disabled for purposes of the Act. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). The claimant bears the burden of proof on the first four steps, and once met, the burden shifts to the Commissioner to show

that there is other substantial gainful employment available that the claimant is capable of performing. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989).

**C.    *The ALJ's Decision***

First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of October 7, 2007. (R:13) Plaintiff met the insured status requirements of the Social Security Act through December 31, 2012. *Id*.

At the second step, the ALJ found that Plaintiff had the following severe impairments: herniated discs in the cervical and lumbar spines; chronic pain; lumbar spondylosis with myelopathy; partial tear of the right rotator cuff; and mood disorder. (R:13)

At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R:13)

Next, the ALJ determined that Plaintiff retained the RFC to perform a range of light work as defined in 20 CFR 404.1567(b). (R:15) She can never climb ladders, ropes, or scaffolds. *Id.* She can only occasionally stoop and climb ramps and stairs. *Id*. She should avoid even moderate use of dangerous moving machinery or unprotected heights. *Id*. ***She can occasionally perform overhead reaching and handling with the dominant right upper extremity.*** *Id.* (*emphasis added*) She has no limitations with her left upper extremity. *Id*. She can understand, remember, and execute simple instructions and tasks in a work environment that is primarily object focused. *Id*.

At the fourth step, based on the VE's testimony the ALJ found that Plaintiff was not able to perform her past relevant work as a certified nursing assistant. (R:19, 40)

At the fifth step, considering Plaintiff's age, education, work experience, RFC, and the VE's testimony, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (R:20)  Specifically, the VE testified that an individual with Plaintiff's age, education, work experience, and RFC would be able to perform the jobs as mail sorter (Dictionary of Occupational Titles "DOT" No. 209.687-026) and merchandise marker (DOT No. 209.587-034). *Id.* Consequently, the ALJ found that Plaintiff was not disabled through the date of the decision.  (R:11-21)

**D.      *Summary of Relevant Portions of the Record***

For the first hypothetical regarding the upper extremity limitations, the ALJ stated "only occasional overhead reaching with the right arm". (R:40)  Then the ALJ clarified the question as follows:

[VE] So the limitations with the hands is no overhead reaching with the right arm?

[ALJ] Correct, for hypothetical number one. That's the limitation. I'm sorry, ***only occasional overhead reaching or handling with the right for number one***.

[VE] Okay, But it's occasional overhead?

[ALJ] Correct.

[VE] Or was it occasional reach? I'm sorry?

[ALJ] For - - let's do both.  Only occasionally fully extended reach and only occasional overhead with the right arm.  (R:40) *(emphasis added)*

The answer to the first hypothetical was that there would be no jobs because frequent reaching is necessary for full sedentary and light jobs at the unskilled level.  (R:41)

On the second hypothetical the ALJ asked the VE to assume the same individual as in hypothetical one, but with the occasional reaching limitation pertaining only to overhead reaching, and no limitation for fully extended right arm reaching.  (R:41)

The VE testified that the second hypothetical person could work as a mail sorter and merchandise marker.  (R:41-42) She clarified that although the reaching is considered frequent, the DOT does not distinguish between reaching overhead or regular reaching, but she believed that occasional reaching overhead with the right arm and unlimited reaching with the left, would allow for the jobs.  *Id.*

For the third hypothetical, the ALJ asked the VE to assume the same individual as in hypothetical two, but this time the individual would be off task more than twenty percent of the workday, the VE responded there would be no jobs for that individual.  (R:42-43)

Plaintiff's attorney posed the last question to the VE, asking her to assume the same individual as in the second hypothetical and adding occasional handling and fingering limitations. The VE responded that the jobs she found possible for the second hypothetical would be eliminated by such additional limitations.  (R:43)

**E.    *The Parties' Positions***

Plaintiff contends the jobs found by the VE are precluded by Plaintiff's RFC. (Doc. 20:1)  She urges that for VE testimony to provide substantial evidence for an ALJ's step five finding, the testimony must be based on a hypothetical question that includes all limitations supported by the record. (Doc. 22:2)  Plaintiff alleges that the ALJ failed to mention  "occasional handling" as an upper extremity limitation once she clarified the initial hypothetical question with respect to reaching, thus making the question an incomplete one.  *Id.*  Plaintiff also contends that Plaintiff's attorney asked the VE to add

"occasional handling and fingering" to the second  hypothetical and the answer was that the  jobs would be eliminated. (Doc. 20:4-5; R:42-43)

Defendant contends that Plaintiff's challenge must fail because it requires the court to glean different meanings from virtually identical phrases used by the ALJ.  (Doc. 21:4)  She disagrees with Plaintiff's arguments regarding the formulation of the hypotheticals and asserts that the VE understood the hypothetical to include a general prohibition of overhead use of the right arm/hand, including overhead handling.  *Id.*  She also differs in  the interpretation Plaintiff suggests of the phrase "occasional overhead reaching and handling."  *Id.*  While Plaintiff suggests it should be read as: "occasional reaching" and "occasional handling," (Doc. 21:4-5) Defendant maintains that in the ALJ's discussion with the VE, she never referred to "handling" outside the context of overhead reaching.  *Id.* Additionally, Defendant highlights the fact that while Plaintiff told a physician she had occasional pain in the left shoulder, she denied any difficulties with grasping or fine manipulation (Doc. 21:4) except in the overhead context with her right hand, eg. shampooing and combing her hair, which she does with her left hand.[1] (Doc. 21:4)

**E.      *The ALJ's RFC Determination is Supported by Substantial Evidence***

---

[1] While Plaintiff alleges she uses her left hand to shampoo and comb her hair due to her disability on her right arm (R:16), Plaintiff stated that her hobbies are reading and cooking, claiming that her cooking cannot last for hours. (R:148) Also, Plaintiff stated that she cooks and washes dishes on a daily basis. (R:145) These activities require handling and fine manipulation and she did not state that in such activities she was limited to using her left hand.

Residual functional capacity is the most an individual can do despite her limitations.  20 C.F.R.
§ 404.1545.  The responsibility to determine a claimant's RFC belongs to the ALJ.  *Ripley*, 67 F.3d
at 557.  In making this determination, the ALJ must consider all the record evidence and determine the
Plaintiff's abilities despite his physical and mental limitations.  Martinez v. Chater, 64 F.3d at 176.
The ALJ must consider the limiting effects of an individual's impairments, even those that are non-
severe, and any related symptoms.  *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p.  The relative
weight to be given the evidence is within the ALJ's discretion.  *Chambliss v. Massanari*, 269 F.3d 520,
523 (5th Cir. 2001).  The ALJ is not required to incorporate limitations in the RFC that she did not find
to be supported in the record.  *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

Plaintiff's first major contention is that the ALJ failed to fully include  Plaintiff's upper right
extremity limitations in her RFC determination.  (Doc. 22:1-3)  Plaintiff contends that Plaintiff's
"handling" limitation was addressed in neither one of the hypotheticals. (Doc. 22:2)  The way Plaintiff
reads the transcript, the ALJ clarified that the only manipulative limitation included was "only
occasional overhead extending and overhead reaching with the right arm."  (Doc. 20:4; R:40)

Although there could be two interpretations to the antecedent discussion, based on the record,
this Court determines that  the ALJ included in the hypothetical Plaintiff's limitationss found by the
ALJ in the RFC. When the ALJ clarified the initial hypothetical, and added: "only occasional overhead
reaching or handling with the right for number one", the VE fully understood Plaintiff's general
limitations to include a limitation to occasional overhead handling with the right arm.  (R:40)

In the second hypothetical question the only difference was that the only reaching limitation
was overhead.  (R: 41)  Thus, the limitation of only occasional overhead handling was included in the
second hypothetical question.  The VE identified two jobs that the second hypothetical  individual
could perform, such as mail sorter and merchandise marker, both of them existing within the national

8

economy with significant number of jobs.  (R:41-42)  The VE acknowledged that although the job description for each job included frequent reaching, when the individual can do occasional reaching overhead with the right arm and unlimited with the left, such will suffice for the job requirements.  *Id*

Therefore, Plaintiff's argument regarding the insufficiency of the hypothetical question propounded by the ALJ to the VE lacks merit.  The ALJ did not err in relying on the VE's answer to the second hypothetical question.

**F.**     ***The ALJ's Disability Determination Does Not Contradict The VE's Testimony***

Plaintiff  contends that there is a contradiction between the VE's testimony and the ALJ's disability determination.  (Doc. 20: 5-6)  Plaintiff's attorney asked the VE to add "occasional handling and fingering" to the second hypothetical.  (R:43)  The VE testified that such limitation would eliminate the jobs she previously found.  *Id*.   However, as Defendant points out, the Plaintiff's hypothetical question did not confine the handling and fingering limitation to the right arm or to overhead use.  (Doc. 21:4)  Consequently, the VE's testimony in response to the Plaintiff's hypothetical is not relevant to the ALJ's decision, which was based on an RFC with manipulative limitations that were so confined.

As the VE testified, the DOT does not differentiate between one or both arms.  Therefore, relying on her experience, the VE determined that the person in the second hypothetical can perform the requirements of representative occupations such as mail sorter and merchandise marker.  The VE likewise confirmed that such jobs are available in significant numbers.  The ALJ could rely on the VE's experience and testimony to determine that Plaintiff is not disabled.

 Alternatively, even if there was a failure to incorporate  the "overhead handling " limitation to the right upper extremity in to the hypothetical, it would  amount to harmless error and does not require

9

remand.  The ALJ found that Plaintiff is limited to occasional overhead reaching and  handling with the right arm, the same arm which the VE testified the Plaintiff would not need to raise overhead more than occasionally in order to be able to perform the job requirements sufficiently. Logically, Plaintiff could not be required to perform overhead handling with the right arm on more than an occasional basis, even had the ALJ not included such limitations in her RFC.

In sum, Defendant has the burden of proof at the fifth step and she met her burden by identifying jobs Plaintiff can perform.  Then the burden shifted back to Plaintiff to prove that she is unable to perform those jobs.  Plaintiff has not shown on appeal that the jobs identified by the VE are precluded by her RFC.  Therefore, due to all the reasons which have been provided throughout this opinion, the Court finds no error or alternatively harmless error in this regard.

Plaintiff is not entitled to relief based on the claims raised.

## CONCLUSION

The Court concludes that any deviation from the relevant legal standards was harmless and the ALJ's decision is supported by substantial evidence.  Based on the foregoing, it is hereby **ORDERED** that the Commissioner's determination be **AFFIRMED**.

**SIGNED** and **ENTERED** on August 31, 2016.

ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE